# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVIVA PARTNERS LLC, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EXIDE TECHNOLOGIES, et al., <br><br> Defendants. | No. 3:05-cv-03098-MLC-JJH **(Consolidated)** <br><br> <u>CLASS ACTION</u> <br><br> ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

RECEIVED

APR 1 3 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

WHEREAS, a consolidated action is pending before this Court styled *Aviva Partners LLC v. Exide Technologies, et al.*, No. 3:05-cv-03098-MLC-JJH (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of March 26, 2009 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on June 23 , 2009, at 10:00 a.m., at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608 to determine whether the proposed settlement of the

- 1 -

Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel and any award to Lead Plaintiffs for their representation of the Class.

3. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, California ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than April 23 , 2009 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(b) Not later than May 4 , 2009, the Claims Administrator shall cause the Summary Notice (annexed hereto as Exhibit A-3) to be published once in the national edition of *Investor's Business Daily*; and

(c) Not later than May 15 , 2009, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

4.      Nominees who purchased Exide common stock for the benefit of another Person during the period May 5, 2004 to May 17, 2005, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of Exide common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

5.      All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund.

6.      All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7.      Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing

by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

8.      Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

9.      Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than June 8 , 2009.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of Exide common stock during the Class Period, including the dates, the number of shares of Exide common stock purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class.  All Persons which submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

10.      Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within seven (7) days prior to the Settlement Hearing.

11.   Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiffs or an award to Lead Plaintiffs for their representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Jeffrey D. Light, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Jeffrey S. Nobel, Izard Nobel LLP, 29 South Main Street, Suite 215, West Hartford, CT 06107, David H. Kistenbroker, Katten Muchin Rosenman LLP, 525 West Monroe, Suite 1900, Chicago, IL 60661-3693, on or before _June 8_, 2009; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the District of New Jersey, on or before _June 8_, 2009. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan

- 5 -

of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel and the payment of an award to Lead Plaintiffs for their representation of the Class, unless otherwise ordered by the Court.

12.     All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13.     All papers in support of the settlement, Plan of Allocation and any application by counsel for Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶11 and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

14.     Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs and Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

15.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees and expenses, and any award to Lead Plaintiffs for their representation of the Class, should be approved.

16.    All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.6 or ¶2.7 of the Stipulation.

17.    Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: _APRIL 13, 2009_          ___Mary L. Cooper___
                                 THE HONORABLE MARY L. COOPER
                                 UNITED STATES DISTRICT JUDGE

S:\Settlement\Exide.set\(v2) EA-00056988.doc

# EXHIBIT "A-1"

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

LITE DePALMA GREENBERG
  & RIVAS, LLC
JOSEPH J. DePALMA
Two Gateway Center, 12th Floor
Newark, NJ 07102-5003
Telephone: 973/623-3000
973/623-0211 (fax)

Co-Liaison Counsel

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVIVA PARTNERS LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>EXIDE TECHNOLOGIES, et al.,<br><br>                    Defendants. | No. 3:05-cv-03098-MLC-JJH<br>**(Consolidated)**<br><br><u>CLASS ACTION</u><br><br>NOTICE OF PROPOSED<br>SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

*If you purchased Exide Technologies ("Exide" or the "Company")[1] common stock during the period from May 5, 2004 to May 17, 2005, inclusive (the "Class Period") and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period**: Exide common stock (symbol "XIDE") purchased between May 5, 2004 and May 17, 2005, inclusive.

**Settlement Fund:** $13,700,000 in cash plus any interest earned. Your recovery will depend on the timing of your purchases and any sales of Exide common stock during the Class Period. Based on the information currently available to Lead Plaintiffs and the analysis performed by their damage consultants, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share will be approximately $0.67 before deduction of Court-approved fees and expenses, including the cost of notifying members of the Class and settlement administration. Historically, actual claims rates are less than 100%, which result in higher distributions per share. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to

---

[1]    This Notice incorporates by reference the definitions in the Stipulation of Settlement dated March 26, 2009, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation of Settlement.

- 1 -

the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in loss at summary judgment, trial or on appeal. The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiffs prevailed at trial. The parties disagree about: (1) the method for determining whether the price of Exide common stock was artificially inflated during the relevant period; (2) the amount of any such alleged inflation; (3) that there was any wrongdoing on the part of Defendants, including whether Defendants acted recklessly or intentionally in reporting Exide's financial results during the relevant period; (4) the extent that various facts alleged by Lead Plaintiffs influenced the trading price of Exide common stock during the Class Period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:** Court-appointed Lead Plaintiffs' counsel will ask the Court for attorneys' fees of 30% of the Settlement Fund and expenses not to exceed $550,000.00 to be paid from the Settlement Fund plus interest. Lead Plaintiffs' counsel have not received any payment for their work investigating the facts, prosecuting this Litigation and negotiating this settlement on behalf of the Lead Plaintiffs and the Class. Lead Plaintiffs' counsel will also ask the Court to approve

awards of up to $25,000.00 for each of the two Court-appointed Lead Plaintiffs for

their representation of the Class.  If the above amounts are requested and approved by

the Court, the average cost per share will be $0.23.

**Deadlines:**

Submit Claim:              _____, 2009

Request Exclusion:         _____, 2009

File Objection:            _____, 2009

**Court Hearing on Fairness of Settlement:** _____, 2009

**More Information:**  www.gilardi.com or

| Claims Administrator: | Representative of Lead Plaintiffs' counsel: |
|---|---|
| *Exide Securities Litigation*<br>Claims Administrator<br>c/o Gilardi & Co. LLC<br>P.O. Box 8040<br>San Rafael, CA 94912-8040<br>1-800-447-7657 | Rick Nelson<br>Shareholder Relations<br>Coughlin Stoia Geller<br>  Rudman & Robbins LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>1-800-449-4900<br><br>Jeffrey S. Nobel<br>20 Church Street, Suite 1700<br>Hartford, CT  06103<br>1-860-493-6292 |

- Your legal rights are affected whether you act, or do not act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**SUBMIT A CLAIM FORM**   The only way to get a payment.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**EXCLUDE YOURSELF**   Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants for the legal claims in this case.

**OBJECT**   You may write to the Court if you do not like this settlement, the request for attorneys' fees and expenses, the awards to Lead Plaintiffs or the Plan of Allocation.

**GO TO A HEARING**   You may ask to speak in Court about the fairness of the settlement.

**DO NOTHING**   Get no payment.  Give up rights.

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

### BASIC INFORMATION

**1.   Why did I get this notice package?**

You or someone in your family may have purchased Exide common stock between May 5, 2004 and May 17, 2005, inclusive.

- 4 -

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of New Jersey, and the case is known as *Aviva Partners LLC v. Exide Technologies, et al.*, No. 3:05-cv-03098-MLC-JJH.  The persons who lead the Litigation, UNITE HERE National Retirement Fund f/k/a Alaska Hotel and Restaurant Employees Pension Trust Fund ("UNITE") and Lakeway Capital Management ("Lakeway"), are called Lead Plaintiffs and the company and the individuals they sued are called Defendants.

**2.      What is this lawsuit about?**

This Litigation alleges that Exide and its former President and Chief Executive Officer and two of the Company's former Vice Presidents and Chief Financial Officers violated the federal securities laws by making false and misleading statements during the Class Period regarding the Company's ability to resolve various financial issues, and improve its performance after it emerged from bankruptcy in

May 2004 and obtained a $600 million credit facility which was subject to several covenants. Lead Plaintiffs allege that during the Class Period, Exide's financial performance and outlook was declining, that its internal controls were deficient and thus Exide and Defendants knew that the Company would be unable to meet important covenants in its $600 million credit facility thus causing the financial performance of the Company to suffer. Lead Plaintiffs allege that when Defendants disclosed the Company's financial results and the state of the Company's internal controls, Class Members suffered damages as a result of the decline in the price of Exide common stock.

Defendants deny all of Lead Plaintiffs' allegations and further deny that they did anything wrong. Defendants also deny that Lead Plaintiffs or the Class suffered damages or that the price of Exide common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

### 3.    Why is this a class action?

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiffs, UNITE and Lakeway) sue on behalf of people who have similar claims. All of these people and/or entities are called a class or class members. One judge – in this case, United States District Court Judge Mary L. Cooper – resolves the issues for all class members, except for those who exclude themselves from the class.

**4.      Why is there a settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, with the assistance of a highly respected mediator, retired federal judge Layn R. Phillips, that they believe is in the best interests of their respective clients.  The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated without further delay.  The Lead Plaintiffs and their attorneys think the settlement is best for all Class Members.

## WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

**5.      How do I know if I am part of the settlement?**

The Class includes ***all Persons who purchased the common stock of Exide between May 5, 2004 and May 17, 2005, inclusive.***

**6.      Are there exceptions to being included in the Class?**

Yes.  Defendants, officers and directors of Exide, members of their immediate families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest, are excluded from the Class. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

- 7 -

**7.      I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help.

You can call 1-800-447-7657 or visit www.gilardi.com for more information; or, you

can call Rick Nelson at 1-800-449-4900 or Jeffrey S. Nobel at 1-860-493-6292 for

more information; or you can fill out and return the claim form described in Question

10 to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET
**8.      What does the settlement provide?**

Defendants' insurer has agreed to pay $13,700,000 in cash (the "Settlement

Fund"). The Settlement Fund, plus interest earned from the date it is established, less

costs, fees and expenses (the "Net Settlement Fund"), will be divided among all

eligible Class Members who send in valid claim forms ("Authorized Claimants").

Costs, fees and expenses include Court-approved attorneys' fees and expenses, the

costs of notifying Class Members, including the costs of printing and mailing this

Notice and the cost of publishing newspaper notice, and the costs of claims

administration.

**9.      How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid

claim forms that Class Members send in and how many shares of stock you purchased

during the relevant period and when you bought and sold them.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A "Claim" will be calculated as follows:

The allocation below is based on the following price declines as well as the statutory PSLRA 90 day look back amount of $4.96:

May 17, 2005 Price Decline:        $4.27

May 18, 2005 Price Decline:        $1.55

## Proposed Allocation

1.    For shares of Exide common stock *purchased on or between May 5, 2004 through May 16, 2005*, the claim per share shall be as follows:

(a)    If sold prior to May 17, 2005, the claim per share is $0.

(b)    If sold on May 17, 2005, the claim per share shall be the lesser of (i) $4.27 (May 17, 2005 Price Decline), or (ii) the difference between the purchase price and the sales price.

(c)    If retained at the end of May 17, 2005, and sold before August 16, 2005, the claim per share shall be the lesser of (i) $5.82 (May 17, 2005 and May 18, 2005 Price Declines), or (ii) the difference between the purchase price and the sales price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

- 9 -

(d)     If retained or sold on or after August 16, 2005, the claim per share shall be the lesser of (i) $5.82 (May 17, 2005 and May 18, 2005 Price Declines), or (ii) the difference between the purchase price per share and $4.96 per share.

2.     For shares of Exide common stock **_purchased on May 17, 2005_**, the claim per share shall be as follows:

(a)     If sold prior to May 18, 2005, the claim per share is $0.

(b)     If retained at the end of May 17, 2005, and sold before August 16, 2005, the claim per share shall be the lesser of (i) $1.55 (May 18, 2005 Price Decline), or (ii) the difference between the purchase price and the sales price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

(c)     If retained or sold on or after August 16, 2005, the claim per share shall be the lesser of (i) $1.55 (May 18, 2005 Price Decline), or (ii) the difference between the purchase price per share and $4.96 per share.

| Date | Closing Price | Average Closing Price |
|------|---------------|-----------------------|
| 18-May-05 | $5.33 | $5.33 |
| 19-May-05 | $5.38 | $5.36 |
| 20-May-05 | $5.13 | $5.28 |
| 23-May-05 | $4.56 | $5.10 |
| 24-May-05 | $4.32 | $4.94 |
| 25-May-05 | $4.42 | $4.86 |
| 26-May-05 | $4.75 | $4.84 |
| 27-May-05 | $4.80 | $4.84 |
| 31-May-05 | $5.08 | $4.86 |
| 01-Jun-05 | $5.20 | $4.90 |
| 02-Jun-05 | $5.35 | $4.94 |
| 03-Jun-05 | $5.20 | $4.96 |
| 06-Jun-05 | $5.09 | $4.97 |
| 07-Jun-05 | $4.89 | $4.96 |
| 08-Jun-05 | $4.75 | $4.95 |
| 09-Jun-05 | $4.68 | $4.93 |
| 10-Jun-05 | $4.86 | $4.93 |
| 13-Jun-05 | $5.14 | $4.94 |
| 14-Jun-05 | $5.16 | $4.95 |

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 15-Jun-05 | $5.19 | $4.96 |
| 16-Jun-05 | $5.44 | $4.99 |
| 17-Jun-05 | $5.40 | $5.01 |
| 20-Jun-05 | $5.32 | $5.02 |
| 21-Jun-05 | $5.24 | $5.03 |
| 22-Jun-05 | $4.99 | $5.03 |
| 23-Jun-05 | $5.03 | $5.03 |
| 24-Jun-05 | $4.78 | $5.02 |
| 27-Jun-05 | $4.81 | $5.01 |
| 28-Jun-05 | $4.35 | $4.99 |
| 29-Jun-05 | $4.65 | $4.98 |
| 30-Jun-05 | $4.85 | $4.97 |
| 01-Jul-05 | $5.23 | $4.98 |
| 05-Jul-05 | $5.36 | $4.99 |
| 06-Jul-05 | $5.29 | $5.00 |
| 07-Jul-05 | $5.15 | $5.00 |
| 08-Jul-05 | $4.99 | $5.00 |
| 11-Jul-05 | $4.82 | $5.00 |
| 12-Jul-05 | $4.96 | $5.00 |
| 13-Jul-05 | $4.95 | $5.00 |
| 14-Jul-05 | $5.14 | $5.00 |
| 15-Jul-05 | $4.94 | $5.00 |
| 18-Jul-05 | $4.93 | $5.00 |
| 19-Jul-05 | $5.04 | $5.00 |
| 20-Jul-05 | $5.01 | $5.00 |
| 21-Jul-05 | $5.11 | $5.00 |
| 22-Jul-05 | $4.95 | $5.00 |
| 25-Jul-05 | $4.98 | $5.00 |
| 26-Jul-05 | $5.05 | $5.00 |
| 27-Jul-05 | $4.98 | $5.00 |
| 28-Jul-05 | $5.01 | $5.00 |
| 29-Jul-05 | $4.94 | $5.00 |
| 01-Aug-05 | $4.93 | $5.00 |
| 02-Aug-05 | $4.88 | $5.00 |
| 03-Aug-05 | $4.94 | $4.99 |
| 04-Aug-05 | $4.85 | $4.99 |
| 05-Aug-05 | $4.84 | $4.99 |
| 08-Aug-05 | $4.85 | $4.99 |
| 09-Aug-05 | $4.80 | $4.98 |

| Date | Closing Price | Average Closing Price |
|------|---------------|------------------------|
| 10-Aug-05 | $4.60 | $4.98 |
| 11-Aug-05 | $4.46 | $4.97 |
| 12-Aug-05 | $4.64 | $4.96 |
| 15-Aug-05 | $4.65 | $4.96 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Exide common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of Exide common stock during the Class Period will be matched against the same type of security, in chronological order, first against securities held at the beginning of the Class Period. The remaining sales of stock during the Class Period will then be matched, in chronological order, against stock held during the Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Exide common stock during the Class Period are subtracted from all losses. However, the proceeds from sales of stock which have been matched against stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, any claims administrator or other Person designated by Lead Plaintiffs' counsel or Defendants and/or the Related Parties and/or the Released Persons and/or their counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM
### 10.    How will I get a payment?

To qualify for a payment, you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2009.

- 13 -

**11.     When would I get my payment?**

The Court will hold a hearing on _____, 2009, at _____, to decide whether to approve the settlement. If Judge Cooper approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.  It also takes time for all the claim forms to be processed.  If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as nine months after the fairness hearing.  Please be patient.

**12.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims in this case against the Defendants. "Released Claims" means all rights, demands, claims (including "Unknown Claims" as defined in the Stipulation) and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any member of the Class asserted, or could have asserted, arising out of, or relating to, directly or indirectly, the purchase of Exide common stock during the Class Period,

- 14 -

and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions which were alleged or that could have been alleged in the Litigation.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13.     How do I get out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *Aviva Partners LLC v. Exide Technologies, et al.*, No. 3:05-cv-03098-MLC-JJH. You must include your name, address, telephone number, your signature, and the number of shares of Exide common stock you purchased between May 5, 2004 and May 17, 2005, inclusive, and the dates and prices of such purchases. You must mail your exclusion request postmarked no later than _____, 2009 to:

> *Exide Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

- 15 -

**14.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves.   Remember, the exclusion deadline is _____, 2009.

**15.    If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. Once you exclude yourself, you will receive no cash payment even if you also submit a claim form.

**THE LAWYERS REPRESENTING YOU**

**16.    Do I have a lawyer in this case?**

The Court appointed the law firms of Coughlin Stoia Geller Rudman & Robbins LLP and Izard Nobel LLP to represent you and other Class Members.  These lawyers are called Lead Counsel.  The Court also appointed Cohn Lifland Pearlman Herrmann & Knopf LLP and Lite DePalma Greenberg & Rivas, LLC as Liaison Counsel.  These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How will the lawyers be paid?**

At the fairness hearing, Lead Plaintiffs' counsel will request the Court to award attorneys' fees of 30% of the Settlement Fund and for expenses up to $550,000.00,

which were incurred in connection with the Litigation.  In addition, Lead Plaintiffs UNITE and Lakeway may request up to $25,000.00 each for their efforts in representing the Class.  If awarded, the cost would be $0.23 per share.  This compensation will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses. To date, Lead Plaintiffs' counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiffs and the Class, nor have counsel been paid for their expenses.  The fee requested will compensate Lead Plaintiffs' counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement or some part of it.

**18.    How do I tell the Court that I do not like the settlement?**

If you are a Class Member (and you have not excluded yourself), you can object to the settlement, the request for attorneys' fees and expenses, the awards to Lead Plaintiffs or the Plan of Allocation if you do not like any part of it.  You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees and expenses, the awards to Lead Plaintiffs or the Plan of Allocation. The Court will consider your views.  To object, you must send a signed letter saying

- 17 -

that you object to the proposed settlement in *Aviva Partners LLC v. Exide Technologies, et al.*, No. 3:05-cv-03098-MLC-JJH.  Be sure to include your name, address, telephone number, your signature, the number of shares of Exide common stock purchased between May 5, 2004 and May 17, 2005, inclusive, and the reasons you object to the settlement, the requested attorneys' fees and expenses, the awards to Lead Plaintiffs or the Plan of Allocation.  Any such objection must be mailed or delivered such that it is received by each of the following no later than _____, 2009:

*Court*:

Clerk of the Court
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

*Lead Counsel for Plaintiffs*:

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

IZARD NOBEL LLP
JEFFREY S. NOBEL
29 South Main Street, Suite 215
West Hartford, CT 06107

*Counsel for Defendants*:

KATTEN MUCHIN ROSENMAN LLP
DAVID H. KISTENBROKER
525 West Monroe, Suite 1900
Chicago, IL  60661-3693

**19.    What is the difference between objecting and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement. You can object *only* if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend, but you do not have to.

**20.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at _____, on _____, 2009, at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court will also decide whether to approve the payment of fees and expenses to Lead Plaintiffs' counsel, including the awards to

Lead Plaintiffs and the Plan of Allocation.  We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

### 21.    Do I have to come to the hearing?

No.  Lead Plaintiffs' counsel will answer questions Judge Cooper may have. But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.

### 22.    May I speak at the hearing?

You may ask the Court for permission to speak at the hearing.  To do so, you must send a letter saying that it is your intention to appear in *Aviva Partners LLC v. Exide Technologies, et al.*, No. 3:05-cv-03098-MLC-JJH.  Be sure to include your name, address, telephone number, your signature, and the number of shares of Exide common stock purchased between May 5, 2004 and May 17, 2005, inclusive.  Your notice of intention to appear must be received no later than _____, 2009 by the Clerk of the Court, Lead Plaintiffs' counsel, and Defendants' counsel, at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23.     What happens if I do nothing at all?**

If you do nothing, you will get no money from this settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

## GETTING MORE INFORMATION

**24.     Are there more details about the settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated March 26, 2009 ("Stipulation"), which has been filed with the Court.  You can get a copy of the Stipulation from the Clerk's office at the United States District Court, District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, NJ 08608, during regular business hours, or at www.gilardi.com.

**25.     How do I get more information?**

You can call 1-800-449-4900 or write to a representative of Lead Plaintiffs' counsel, Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or Jeffrey S. Nobel, Izard Nobel LLP, 29 South Main Street, Suite 215, West Hartford, CT 06107, 1-860-493-6292, or visit the Claims Administrator's website at www.gilardi.com. *Please do not call the Court or the Clerk of the Court for additional information about the settlement.*

**26.   Special notice to nominees**

If you hold any Exide common stock purchased between May 5, 2004 and May 17, 2005, inclusive as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Exide Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2009      BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         DISTRICT OF NEW JERSEY

S:\Settlement\Exide.set\(v3) A1-00056990.doc

- 22 -

# EXHIBIT "A-2"

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

LITE DePALMA GREENBERG
  & RIVAS, LLC
JOSEPH J. DePALMA
Two Gateway Center, 12th Floor
Newark, NJ  07102-5003
Telephone:  973/623-3000
973/623-0211 (fax)

Co-Liaison Counsel

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVIVA PARTNERS LLC, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EXIDE TECHNOLOGIES, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

No. 3:05-cv-03098-MLC-JJH
**(Consolidated)**

<u>CLASS ACTION</u>

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Class based on your claims in the action entitled *Aviva Partners LLC v. Exide Technologies, et al.*, No. 3:05-cv-03098-MLC-JJH (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.   Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.   YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2009 ADDRESSED AS FOLLOWS:

> *Exide Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a member of the Class (as defined below and in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release form.

4.   If you are a member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of

any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.   DEFINITIONS

1.      "Class" means all Persons who purchased Exide common stock between May 5, 2004 and May 17, 2005, inclusive.  Excluded from the Class are Defendants, officers and directors of Exide, members of their immediate families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

2.      "Defendants" means Exide, Craig H. Muhlhauser, J. Timothy Gargaro, and Ian J. Harvie.

3.      "Exide" means Exide Technologies and its past and current parents, divisions, predecessors, successors and assigns.

4.      "Related Parties" means, with respect to each Defendant, the immediate family members, heirs, executors, administrators, and present and former shareholders (excepting class members), successors, assigns, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors,

- 2 -

employees, officers, directors, shareholders (excepting class members), attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

5.    "Stipulation" or "Stipulation of Settlement" is the Stipulation of Settlement dated as of March 26, 2009, entered into by the parties to the Litigation for the purpose of settling the Litigation.

## III.   CLAIMANT IDENTIFICATION

If you purchased Exide common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Exide common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Exide common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE EXIDE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and

- 3 -

telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Exide Common Stock" to supply all required details of your transaction(s) in Exide common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases of Exide common stock which took place at any time between May 5, 2004 and May 17, 2005, inclusive (the "Class Period") and *all* of your sales of Exide common stock which took place at any time between May 5, 2004 and August 16, 2005, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Exide common stock you held at the beginning of trading on May 5, 2004, and at the close of trading on August 16, 2005. Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

- 4 -

The date of covering a "short sale" is deemed to be the date of purchase of Exide common stock.  The date of a "short sale" is deemed to be the date of sale of Exide common stock.

Copies of broker confirmations or other documentation of your transactions in Exide common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

*Aviva Partners LLC v. Exide Technologies, et al.*
No. 3:05-cv-03098-MLC-JJH
PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2009

Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____      _____
City                              State or Province

_____      _____
Zip Code or Postal Code           Country

                                  _____   Individual
_____      _____   Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____   _____
Area Code         Telephone Number (work)

_____   _____
Area Code         Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 6 -

PART II:   SCHEDULE OF TRANSACTIONS IN EXIDE COMMON STOCK

A.   Number of shares of Exide common stock held at the beginning of trading on May 5, 2004: _____

B.   Purchases (May 5, 2004 - May 17, 2005, inclusive) of Exide common stock:

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.   Sales (May 5, 2004 – August 16, 2005, inclusive) of Exide common stock:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.   Number of shares of Exide common stock held at the close of trading on August 16, 2005: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE.  YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

## V.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) am bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Exide common stock during the Class Period and know of no other person having done so on my (our) behalf.

## VI.   RELEASE

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of Defendants and each and all of their Related Parties.

2.   "Released Claims" means all rights, demands, claims (including "Unknown Claims" as defined in the Stipulation) and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common or foreign law, that Lead

Plaintiffs or any member of the Class asserted, or could have asserted, arising out of, or relating to, directly or indirectly, the purchase of Exide common stock during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions which were alleged or that could have been alleged in the Litigation.

3.    This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

4.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Exide common stock which occurred during the Class Period as well as the number of shares of Exide common stock held by me (us) at the beginning of trading on May 5, 2004, and at the close of trading on August 16, 2005.

6.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

- 9 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of_____
(Month/Year)

in _____
(City)                              (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A
## SIGNIFICANT AMOUNT OF TIME.
## THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the above release and declaration.

2.  Remember to attach supporting documentation, if available.

3.  Do not send original stock certificates.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send us your new address.

S:\Settlement\Exide.set\(v2) A2-00056991.doc

# EXHIBIT "A-3"

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 Plaza West-One
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

LITE DePALMA GREENBERG
  & RIVAS, LLC
JOSEPH J. DePALMA
Two Gateway Center, 12th Floor
Newark, NJ  07102-5003
Telephone:  973/623-3000
973/623-0211 (fax)

Co-Liaison Counsel

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVIVA PARTNERS LLC, Individually ) and On Behalf of All Others Similarly ) Situated, ) | No. 3:05-cv-03098-MLC-JJH **(Consolidated)** |
| ) ) | |
| Plaintiff, ) ) | <u>CLASS ACTION</u> |
| vs. ) ) | SUMMARY NOTICE |
| EXIDE TECHNOLOGIES, et al., ) ) | EXHIBIT A-3 |
| Defendants. ) | |
| _____ ) | |

TO:   ALL PERSONS WHO PURCHASED EXIDE TECHNOLOGIES ("EXIDE") COMMON STOCK BETWEEN MAY 5, 2004 AND MAY 17, 2005, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the District of New Jersey, a hearing will be held on _____, 2009, at __:__ __.m., before the Honorable Mary L. Cooper, at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $13,700,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated as of March 26, 2009; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon and the awards to Lead Plaintiffs for representing the Class.

If you purchased Exide common stock between May 5, 2004 and May 17, 2005, inclusive, your rights may be affected by this Litigation and the settlement thereof. If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to *Exide Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040,

San Rafael, CA 94912-8040, or by downloading this information at www.gilardi.com.

If you are a Class Member, in order to share in the distribution of the Net Settlement

Fund, you must submit a Proof of Claim and Release no later than _____, 2009,

establishing that you are entitled to a recovery.  You will be bound by any judgment

rendered in the Litigation unless you request to be excluded, in writing, to the above

address, postmarked by _____, 2009.

      Any objection to any aspect of the settlement must be filed with the Clerk of the

Court no later than _____, 2009, and *received* by the following no later than

_____, 2009:

> COUGHLIN STOIA GELLER
>  RUDMAN & ROBBINS LLP
> JEFFREY D. LIGHT
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> IZARD NOBEL LLP
> JEFFREY S. NOBEL
> 29 South Main Street, Suite 215
> West Hartford, CT 06107
>
> *Lead Counsel for Plaintiffs*
>
> KATTEN MUCHIN ROSENMAN LLP
> DAVID H. KISTENBROKER
> 525 West Monroe, Suite 1900
> Chicago, IL  60661-3693
>
> *Counsel for Defendants*

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2009      BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

S:\Settlement\Exide.set\(v1) A3-00056992.doc

- 3 -